IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–01046–KMT

UNITED STATES OF AMERICA,
KIMBERLY SHIELDS,
BRUCE A. DOUCETTE,
STEVEN DEAN BYFIELD,
STEPHEN NALTY, and
HARLAN SMITH,

    Plaintiffs,

v.

UNITED STATES (incorporation),
DONALD J. TRUMP,
FEDERAL BUREAU OF INVESTIGATIONS,
STATE OF COLORADO,
CYNTHIA COFFMAN,
CLORADO BAR ASSOCIATION,
MICHAEL A. MARTINEZ,
PATRICIA M. JARZOBSKI,
MARTIN F. EGELHOFF,
ROBERT S. SHAPIRO,
CHRIS BYRNE,
FBI AGENTS DOE 1-50,
KIM DOE,
STANLEY L. GARNETT,
INTERNAL REVENUE SERVICE, and
ANY OTHER YET NAMED PARTICIPANTS,

    Defendants.

---

**ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT**

---

    Plaintiffs initiated this action by filing a *pro se* Complaint. (Doc. No. 1.) They seek damages and various forms of declaratory judgment.

The court must construe the complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be directed to file an Amended Complaint.

The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a Complaint are to give the opposing parties fair notice of the basis for the claims against them so they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communic'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991). Rule 8(a) provides that a Complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides, "Each allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For

the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The court has reviewed the Complaint and finds Plaintiffs fail to provide a short and plain statement of their claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs fail to provide a short and plain statement of their claims showing they are entitled to relief because they fail to provide specific and clear factual allegations in support of their claims.

A decision to dismiss a Complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Nw. Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court, however, will give Plaintiffs an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiffs are required to assert personal participation by properly named defendants in the alleged constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiffs must show in the Cause of Action section of the Complaint how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **to state a claim in federal court, a plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated as to each and every claim.**

3

*Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Accordingly, in the Amended Complaint, Plaintiffs must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of their constitutional rights.

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199. Therefore, Plaintiffs should name as Defendants only those persons they contend actually violated their federal rights while acting under color of law.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiffs must file an Amended Complaint if they wish to pursue their claims in this action.

Accordingly, it is

**ORDERED** that within thirty days from the date of this Order, Plaintiffs shall file an Amended Complaint that complies with this Order. It is

**FURTHER ORDERED** that Plaintiffs shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

**FURTHER ORDERED** that if Plaintiffs fail to comply with this Order within the time allowed the court will dismiss the action without further notice.

Dated May 3, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge