IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17–cv–01046–MSK–KMT

UNITED STATES OF AMERICA,
KIMBERLY SHIELDS,
BRUCE A. DOUCETTE,
STEVEN DEAN BYFIELD,
STEPHEN NALTY, and
HARLAN SMITH,

     Plaintiffs,

v.

UNITED STATES (incorporation),
DONALD J. TRUMP,
FEDERAL BUREAU OF INVESTIGATIONS,
STATE OF COLORADO,
CYNTHIA COFFMAN,
CLORADO BAR ASSOCIATION,
MICHAEL A. MARTINEZ,
PATRICIA M. JARZOBSKI,
MARTIN F. EGELHOFF,
ROBERT S. SHAPIRO,
CHRIS BYRNE,
FBI AGENTS DOE 1-50,
KIM DOE,
STANLEY L. GARNETT,
INTERNAL REVENUE SERVICE, and
ANY OTHER YET NAMED PARTICIPANTS,

     Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

     Plaintiffs, proceeding *pro se*, filed this action on April 27, 2017 and the court has

construe it as brought under 42 U.S.C. § 1983.  (Doc. No. 1 ["Comp."].)  On May 3, 2017, this

court ordered Plaintiffs to submit within thirty days an amended complaint that complies with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that sues the proper

parties, and that alleges specific facts to demonstrate how each defendant personally participated

in the asserted constitutional violations.  (*See generally* Doc. No. 6.)[1]  Though Plaintiffs have

filed various documents since the May 3, 2017 Order, they have not filed an Amended

Complaint.

The court must construe liberally the amended complaint because Plaintiffs are

representing themselves.  *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's

advocate.  *Bellmon*, 935 F.2d at 1110.

As Plaintiffs were informed in the court's previous Order, the twin purposes of a

Complaint are to give the opposing parties fair notice of the basis for the claims against them so

they may respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiffs are entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. Am.

Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R.

Civ. P. 8 are designed to meet these purposes.  *See TV Communic'ns Network, Inc. v. ESPN, Inc.*,

767 F. Supp. 1062, 1069 (D. Colo. 1991).  Rule 8(a) provides that a Complaint "must contain (1)

a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the

---

[1] Additionally, on May 9, 2017, after certain Plaintiffs' mail was returned to the court as undeliverable, *see* Doc. Nos. 7-10 & 16, the court ordered Plaintiffs Steven Dean Byfield, Harlan Smith, and Stephen Nalty to show cause why their claims should not be dismissed for failure to keep the court informed of their current address, as required by D.C.COLO.LCivR 5(c).  (Doc. No. 15.)  Plaintiffs have failed to respond to the same.

relief sought. . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides,

"Each allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Plaintiffs' Complaint contains only prolix, unintelligible allegations.  Plaintiffs appear to

allege that some, but possibly not all, of them were unlawfully arrested and incarcerated in

retaliation for their actions of "rooting out government corruption and lawlessness."  (Comp. at

4.)  Their referenced actions consist primarily of challenging the validity of the oaths of office

taken by various public officials.  (*Id.* at 7-10.)  Plaintiffs also explain that they do not recognize

the authority of the state and federal governments, nor that of the judiciary, stating that they are

not citizens of the United States or the State of Colorado but are instead "domiciled in the union

member nation of Colorado."  (*Id.* at 6.)  Additionally, the only legal claims Plaintiffs

specifically assert in their Complaint are five claims for "Trespass."  (*Id.* at 1, 10, 11, 13.)

However, in conclusory fashion, they do implicate the violation of certain federal rights such as

the right to assemble.  (*Id.* at 5.)

Finally, Plaintiffs name 63 defendants, including FBI Agents John Doe 1-50, but they fail

to specify each defendant's personal participation in the alleged wrongdoing against them.

Plaintiffs are required to assert personal participation by properly named defendants in alleged

constitutional violations.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  As

previously explained to Plaintiffs, to establish personal participation, they must show how each

named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation

and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Furthermore, to state a claim in federal court, a plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated as to each and every claim.  *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, Plaintiffs consistently reference the defendants collectively with such vague allegations as "defendants conspired," "each defendant deprived," or "each defendant acted in such a way, or failed to act in such a way, that claimants have been deprived of their liberty, reputation, and right to assemble, right to travel, right to free locomotion."  (Comp. at 4, 5.) Merely stating, "each defendant acted as the agent of the other, and in doing the act alleged in this action, each is acting in the course and scope of said agency," *see id.* at 5, is not sufficient to meet the standards of Rule 8 or to state a claim under § 1983.

The court previously provided Plaintiffs notice of their Complaint's deficiencies and provided an opportunity to amend the same, but they failed to do so.  As such, the court should dismiss this action without prejudice.  *See Nasious*, 492 F.3d at 1162 n.3 (noting that dismissal for failure to comply with Rule 8 is without prejudice).

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiffs' Complaint and this action be dismissed without prejudice for failure to comply with the directives of the May 3, 2017 and May 9, 2017 Orders for an amended complaint and to show cause.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their

right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of August, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge