IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-01046-MSK-KMT

KIMBERLY SHIELDS,
BRUCE A. DOUCETTE,
STEVEN DEAN BYFIELD, and
STEPHEN NALTY,

    Plaintiffs,

v.

USA,
DONALD JOHN TRUMP,
FEDERAL BUREAU OF INVESTIGATION,
STATE OF COLORADO
CYNTHIA COFFMAN,
COLORADO BAR ASSOCIATION
MICHAEL A. MARTINEZ,
PATRICIA M. JARZOBSKI,
MARTIN F. EGELHOFF,
ROBERT S. SHAPIRO,
CHRIS BYRNE,
KIM DOE,
STANLEY L. GARNETT,
INTERNAL REVENUE SERVICE, and
FBI AGENTS DOE 1-40,

    Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND DISMISSING COMPLAINT**
_____

**THIS MATTER** comes before the Court pursuant to the Magistrate Judge's August 14,

2017 Recommendation **(# 26)** that the Plaintiffs' claims be dismissed without prejudice. Only

Plaintiff Kimberly Shields has ostensibly responded to that Recommendation.[1] Ms. Shields has filed a variety of *pro se*[2] documents since the Recommendation, but only one, Docket # 32 (encaptioned "Writ of Contempt Re: Tafoya Recommendation for Dismissal"), purports to specifically respond to the Objection. Accordingly, the Court treats that document as Ms. Sheilds' Objections to the Recommendation.

The Plaintiffs' Complaint (**# 1**), captioned as a "Claim for Trespass on the Case," defies simple explanation. It initially alleges that "each Defendant exceeded his jurisdiction under color of law by . . . caus[ing] claimants to be unlawfully and forcefully carried away and imprisoned," but does not immediately elaborate. *Docket* # 1, ¶ 2. Carefully parsing the document, this Court can ascertain that the Plaintiffs believe that the generally-recognized state and federal governments are invalid for various reasons. In response, the Plaintiffs formed what they refer to as the "Colorado Assembly," purporting to create their own versions of government institutions, including courts, marshals, and other entities. ¶ 23. This Assembly proceeded to conclude that various public officials were "failing to follow the strict requirements of taking his oath of office," and "levied a fine against said unlawfully seated official or officer and filed a lien against said official or officer." ¶ 41, 42. Although the Complaint does not expressly say as much, it would appear that the filing of these liens prompted state or federal officials to bring criminal charges against the Plaintiffs: the Plaintiffs note that they were subject to a "fake indictment," ¶ 45; that a search warrant was executed at Ms. Shields' home, ¶ 65-67; and that in April 2017, they were imprisoned and charged with having participated in a "criminal enterprise." ¶ 54. The Complaint does not identify the jurisdiction that is prosecuting the

---

[1] As to the remaining Plaintiffs, the Court adopts the Recommendation as un-objected to.

[2] The Court construes Ms. Shields' *pro se* filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Plaintiffs, nor identify the current posture of that prosecution, stating only that the Plaintiffs "have been kept in actual or constructive imprisonment" thereafter. ¶ 56.

The remainder of the lengthy Complaint is devoted to citations to archaic, inapplicable, or non-existent authorities; non-sequitur arguments (*e.g.* that members of the Colorado Bar Association have, by taking the label "Esquire," assumed an English "title of nobility" that prohibits them from thereafter serving as public officials); conclusory arguments about the illegitimacy of governmental institutions, semantic gymnastics, and other ephemera. The Complaint routinely uses the collective term "defendants" without specification, even when it is clear that certain named defendants could not possibly have performed the acts attributed to them. For example, the Plaintiffs allege that "defendants . . . broke into a grand jury administrator's domicile to steal evidence." ¶ 49. Certainly, incorporeal defendants such as the Federal Bureau of Investigation, State of Colorado, or Internal Revenue Service could not have performed such an act, but the Complaint completely fails to distinguish between natural person defendants and entity defendants. At other times, the Plaintiffs use the phrase "criminal impersonators," either as a synonym for the defendants or possibly to describe some subset of the defendants, without ever making the identities of such individuals clear. *See e.g.* ¶ 54-55. The Complaint purports to assert five enumerated claims, all of which are labeled as "trespass" or "trespass on the case," and none of which recite, with sufficient specificity, a claim cognizable under federal or state law.

On May 3, 2017, the Magistrate Judge issued a *sua sponte* Order **(# 6)**, explaining that the Complaint does not comply with the requirements of Fed. R. Civ. P. 8(a) and 8(d)(1), in that it does not provide a "short and plain statement" of the claims and that its allegations were not "simply, concise, and direct." The Order gave the Plaintiffs specific instructions to cure the

pleading deficiencies by specifying each named Defendant's personal participation in the events at issue, to explain how those efforts harmed the Plaintiffs, and so on.  The Order gave the Plaintiffs 30 days to file an Amended Complaint, and warned that, "if Plaintiffs fail to comply with this order . . . the court will dismiss the action without further notice."

Although the Plaintiffs filed a variety of non-responsive documents, none of them filed anything that could charitably be called an Amended Complaint.  Thus, on August 14, 2017, the Magistrate Judge issued the instant Recommendation **(# 26)**.  It again noted that the Complaint was prolix, vague, and failed to state any colorable claim.  It noted that the Plaintiffs had previously been warned of these deficiencies and given an opportunity to amend, but had not done so.  Therefore, the Magistrate Judge recommended that the action be dismissed without prejudice for failure to comply with the May 3, 2017 Order.[3]

The Court construes Ms. Shields' August 23, 2017 filing **(# 32)**, entitled "Writ of Contempt," to be timely Objections to the Recommendation under Fed. R. Civ. P. 72(b).  Much like the Complaint itself, Ms. Sheilds' Objections are both non-responsive and opaque.  She accuses the Magistrate Judge of conspiring with the Defendant Colorado Bar Association, of not having taken a valid oath of office, and of engaging in perjury.  She accuses the Clerk of the Court of "not fil[ing]" her numerous pleadings but "merely receive[ing] them."  She concludes with her own self-styled accusations that purport to hold the Magistrate Judge and the Clerk of the Court in contempt for various reasons, imposes her own penalties, and so on.  No portion of the Objections actually responds to the substance of the Recommendation; that is to say, nowhere does Ms. Shields attempt to explain her failure to file a concise and cogent Amended

---

[3]   The Recommendation also noted that the Plaintiffs, other than Ms. Shields, had further failed to comply with a separate May 9, 2017 Order to Show Cause as to why their claims should not be dismissed for failure to apprise the Court of a correct mailing address.

Complaint as directed, nor does she explain why the Magistrate Judge's conclusions that the original Complaint violated Rule 8 were somehow in error.

This Court reviews the objected-to portions of a Recommendation *de novo*. Fed. R. Civ. P. 72(b). Upon *de novo* review, and for the same reasons set forth above, the Court agrees with the Magistrate Judge that the Plaintiffs' Complaint violates Rule 8 in various respects. The Court further finds that the Plaintiffs were given notice of that defect by the Magistrate Judge on two occasions – via the May 3, 2017 Order and the August 23, 2017 Recommendation – and were given opportunities to correct that defect, and that the Plaintiffs have not done so. The explanation Ms. Shields has supplied in her response is both inaccurate and nonsensical, and provides no basis for this Court to deviate from the Recommendation's suggestion that dismissal of this action is warranted.

Having given due consideration to the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Court finds the Plaintiffs to be entirely culpable for their presentation of an inadequate pleading and their failure to remedy that defect when it is called to their attention. This conduct is of minimal detriment to the Defendants, who remain unserved, but of significant harm to the judicial system, which is required to repeatedly (and futilely) expend time and resources in an attempt to bring the Plaintiffs' pleadings into compliance. The Plaintiffs, having received notice of the defects and a warning that a failure to correct them would result in dismissal, have been adequately advised of the risks of dismissal for non-compliance.

Accordingly, the Court **OVERRULES** Ms. Shields' Objections **(# 32)** and **ADOPTS** the Recommendation **(# 26)**. The Complaint is **DISMISSED** in its entirety without prejudice, and the Clerk of the Court shall close this case.

Dated this 12th day of September, 2017.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge